**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**XIANGXIN LIU,**

Plaintiff,

Civil Action No. 26-2432

v.

**SCHEDULE A DEFENDANTS,**

Defendants.

## COMPLAINT

Plaintiff Xiangxin Liu ("Plaintiff"), by and through undersigned counsel, brings this action against the defendants identified in Schedule A (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for direct infringement of United States Design Patent No. [Redacted] (the [Redacted] Patent"), titled "[Redacted]," under 35 U.S.C. § 271(a).
2. Defendants use online marketplace accounts and storefronts identified in Schedule A to offer for sale, sell, and/or import [Redacted] that embody a design substantially the same as the design claimed in the [Redacted] Patent (the "Accused Products").
3. Plaintiff seeks monetary relief for acts occurring during the term of the [Redacted] Patent under 35 U.S.C. §§ 284 and 289.

## THE PARTIES

4. Plaintiff Xiangxin Liu is a citizen and resident of the People's Republic of China and is the owner of all right, title, and interest in the [Redacted] Patent, including the right to enforce the patent and recover for past infringement.

5. Defendants are the individuals, business entities, and/or unincorporated associations that own, control, or operate the online marketplace accounts and storefronts identified in Schedule A. Defendants' presently known seller names, platform identifiers, and accused listings are set forth in Schedule A; their true legal names and addresses are expected to be confirmed through targeted third-party discovery.

6. On information and belief, Defendants conceal or obscure their true identities and locations by operating through marketplace aliases and by providing incomplete, inconsistent, or nonpublic registration information.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 1 et seq.

8. Pennsylvania's long-arm statute authorizes personal jurisdiction to the fullest extent permitted by the Constitution of the United States. 42 Pa. Cons. Stat. § 5322(b). Federal Rule of Civil Procedure 4(k)(1)(A) therefore permits this Court to exercise personal jurisdiction to the extent consistent with due process.

9. Each Defendant operates one or more interactive commercial storefronts through which it offers Accused Products to United States and Pennsylvania consumers and accepts paid orders bearing Pennsylvania delivery addresses.

10. For each Defendant identified on Schedule A, Plaintiff's pre-suit investigation included placing an order for an Accused Product through that Defendant's storefront for delivery to an address located within the Western District of Pennsylvania. Each order was accepted, and the platform charged Plaintiff's payment method. Seller-specific order,

payment, storefront, listing, and, when available, shipment records will be submitted under seal or through supporting evidence as the Court directs.

11. Those contacts were not limited to passive Internet availability. By accepting a paid order for an Accused Product bearing a delivery address in this District, each Defendant entered into a commercial transaction purposefully directed at this District.

12. Plaintiff's claims arise out of and relate directly to each Defendant's forum-directed offer and acceptance of the paid order for the Accused Product identified for that Defendant. Exercising specific personal jurisdiction therefore comports with due process.

13. Alternatively, if any Defendant is not subject to jurisdiction in any State's courts of general jurisdiction, this Court may exercise personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal law and that Defendant purposefully directed the accused commercial activity to consumers in the United States, including by accepting the accused paid order for delivery to this District.

14. On information and belief, Defendants are foreign or nonresident persons or entities that do not reside in the United States. Venue is therefore proper under 28 U.S.C. § 1391(c)(3). To the extent discovery shows that any Defendant is a domestic resident or entity, Plaintiff will address venue under 28 U.S.C. § 1400(b) and seek amendment or severance as appropriate.

## THE [Redacted] PATENT AND PLAINTIFF'S OWNERSHIP

15. The United States Patent and Trademark Office issued the [Redacted] Patent on [Redacted], from Application No. [Redacted], filed [Redacted]. A true and correct copy of the [Redacted] Patent is attached hereto as Exhibit A.

16. The [Redacted] Patent contains one claim: "[Redacted]" The claimed design is depicted in the patent's [Redacted] drawing sheets.

17. Min Liu, the named inventor has assigned to Plaintiff all right, title, and interest in the [Redacted] Patent, including the right to enforce the patent and recover damages for past infringement.

18. Plaintiff has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import products embodying the claimed design.

19. Plaintiff seeks damages only for periods permitted by 35 U.S.C. § 287(a). As applicable to each Defendant, actual notice occurred no later than service or appearance in *Xiangxin Liu v. The Partnerships and Unincorporated Associations Identified on Schedule A,* No. 1:24-cv-00107 (N.D. Ill.) (the "Prior Action"), receipt of Plaintiff's marketplace enforcement communications, or service of this action.

## DEFENDANTS' ACCUSED CONDUCT

20. Defendants advertise and offer the Accused Products through the online storefronts and listings identified in Schedule A. Those listings are interactive commercial pages through which consumers can place paid orders for the Accused Products for delivery in the United States.

21. Each Accused Product appropriates the overall ornamental appearance claimed in the [Redacted] Patent. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the overall visual impression of each Accused Product is substantially the same as the claimed design, such that the resemblance would deceive an ordinary observer into purchasing one supposing it to be the other.

22. Defendants have, without authority, made, used, offered to sell, sold, and/or imported Accused Products in or into the United States during the term of the [Redacted] Patent.

23. Certain Defendants appear to use more than one listing or seller alias. Schedule A consolidates source rows that use the same seller or company identifier, subject to confirmation through marketplace records.

24. In the Prior Action, multiple defendants opposed Plaintiff's motion for a preliminary injunction. On August 20, 2024, the court nevertheless found that Plaintiff had demonstrated a likelihood of success on the merits and had established a prima facie case of infringement. The court granted the motion in part as to fourteen specified defendants and in full as to all other remaining defendants, while providing that the funds of the fourteen specified defendants would not be restrained. The order also authorized electronic notice and service under Federal Rule of Civil Procedure 4(f)(3).

25. Because neither Plaintiff nor anyone authorized by Plaintiff granted any Defendant a license or other permission to continue selling the Accused Products, any post-disposition making, use, offer for sale, sale, or importation alleged here is a new act of infringement, regardless of the form of disposition in the Prior Action.

26. Any Defendant that was served or appeared in the Prior Action had actual notice of the [Redacted] Patent before engaging in the new acts alleged here. Defendants' infringement after actual notice was knowing, deliberate, and willful.

## **JOINDER**

27. Under 35 U.S.C. § 299(a), accused infringers may be joined only when (1) a right to relief is asserted jointly, severally, or in the alternative and arises out of the same transaction, occurrence, or series relating to making, using, importing into the United States, offering

for sale, or selling the same accused product or process; and (2) common questions of fact will arise. Section 299(b) bars joinder based solely on allegations that each defendant infringed the patent. Federal Rule of Civil Procedure 20(a)(2) similarly requires the same transaction-or-series nexus and a common question of law or fact.

28. In applying these requirements, courts ask whether the claims share a logical relationship and whether the accused products are the same in respects relevant to the patent; literal identity is not required. *See In re EMC Corp.*, 677 F.3d 1351, 1358–59 (Fed. Cir. 2012); *Aquapaw Brands LLC v. Pusifica*, No. 2:23-cv-00538, slip op. at 6–7 (W.D. Pa. Aug. 12, 2025).

29. The Accused Products are the same in all respects relevant to the [Redacted] Patent. Despite superficial differences in color, branding, or tablet-model sizing, each reproduces the same claimed overall ornamental appearance, including the corresponding tablet-case and folio-cover arrangement, central circular rotating feature, contours, and proportions shown in the patent drawings.

30. Plaintiff does not rely solely on the allegation that each Defendant infringes the [Redacted] Patent. Relief is asserted severally, alternatively, and, if coordination or common operation is shown, jointly. Defendants form a swarm of foreign online infringers exploiting anonymous marketplace identities, the Internet's mass reach, and international borders to offer the same Accused Products to United States consumers contemporaneously. These facts and the patent-relevant sameness establish a logical relationship and an aggregate of operative facts.

31. Plaintiff's claims therefore arise from the same series of related online-marketplace transactions involving the same accused product. Common factual questions include

ownership and validity of the [Redacted] Patent; whether the Accused Products are the same in respects relevant to the patented design; infringement under the ordinary-observer test; marketplace listing and transaction records; willfulness; and damages and profits.

## COUNT I

## DIRECT INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. [Redacted]

## 35 U.S.C. § 271(a)

32. Plaintiff incorporates by reference the preceding allegations as though fully set forth here.

33. Plaintiff owned the [Redacted] Patent during the infringement alleged in this action and has standing to enforce it.

34. Each Defendant has directly infringed the [Redacted] Patent under 35 U.S.C. § 271(a) by, without authority, making, using, offering to sell, selling, and/or importing one or more Accused Products during the patent term.

35. Defendants' infringement has caused and continues to cause Plaintiff monetary injury, including lost compensation for the unauthorized exploitation of the patented design and entitlement, at Plaintiff's election and without double recovery, to the infringer's total profit under 35 U.S.C. § 289.

36. To the extent any Defendant continued infringement after actual notice, including notice through the Prior Action, marketplace enforcement communications, or this action, that Defendant's infringement was deliberate and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against each Defendant as follows:

A. A judgment that each Defendant has infringed the [Redacted] Patent;

B. Damages adequate to compensate for infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty, together with interest and costs as fixed by the Court;

C. For infringement proven to be willful, enhanced damages under 35 U.S.C. § 284;

D. At Plaintiff's election and without duplicative recovery, each infringer's total profit from the article of manufacture to which the patented design was applied, with the statutory minimum provided by 35 U.S.C. § 289;

E. Prejudgment and post-judgment interest as allowed by law;

F. A determination that this case is exceptional as to any Defendant for whom the evidence supports that finding, and an award of reasonable attorneys' fees under 35 U.S.C. § 285;

G. Taxable costs and such accounting or discovery as is necessary to determine damages and profits; and

H. Such other and further relief as the Court deems just and proper.

Dated: November 11, 2026

Respectfully submitted,

*/s/ Tianjiao Lyu*

Tianjiao Lyu (Bar No. NY6011340)
29th Floor, Jindi Center
Chaoyang, Beijing, China
+86 010-59449968
letitialyu162@gmail.com
*Counsel for Plaintiff*